**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22640-BLOOM**

WILBER ENRIQUE SANCHEZ,

     Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING
CENTER, GARRETT J. RIPA, Miami Field Office
Director, Immigration and Customs Enforcement and
Removal Operations; TODD M. LYONS, Acting
Director of Immigration Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security; TODD
BLANCHE, Acting Attorney General of the United
States, in their official capacities,

     Respondents.

_____/

**<u>ORDER ON PETITION FOR HABEAS CORPUS</u>**

**THIS CAUSE** is before the Court upon Petitioner Wilber Enrique Sanchez's ("Petitioner")

Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. [1].

Respondents filed a Response in Opposition, ECF No. [6], and Petitioner filed a Reply, ECF No.

[7]. The Court has considered the Petition, the supporting and opposing submissions, the record,

the applicable law, and is otherwise fully advised. For the reasons that follow, the Petition is

denied.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of El Salvador who first entered the United States in

February 2002 under a C-1 visa. ECF No. [1] ¶¶ 17, 23. He sought Temporary Protected Status in

July 2022, which United States Citizenship and Immigration Services ("USCIS") denied in April

2004. ECF No. [6] at 2.

In 2003, Petitioner was arrested for unlawful sexual intercourse under California Penal Code § 261.5(c). ECF No. [1] ¶ 23. However, the Los Angeles County District Attorney's Office never filed criminal charges against Petitioner based on this arrest. *Id*. Petitioner's sole criminal conviction was for driving under the influence in 2006. *Id*.

In November 2017, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and served with a Notice to Appear, which placed him in standard removal proceedings under 8 U.S.C. § 1229a. *Id*. In January 2018, Petitioner was granted bond upon the Immigration Judge's determination that he was not a danger to the community or a flight risk. *Id*. In July 2018, the Department of Homeland Security ("DHS") added a charge of deportability under 8 U.S.C. § 1227(a)(1)(B), alleging that, after being admitted to the United States as a nonimmigrant, Petitioner remained in the United States for a time longer than permitted. ECF No. [6] at 2.

Petitioner complied with all conditions of his release and appeared at all his immigration hearings after his release from custody. ECF No. [1] ¶ 24. Petitioner applied for adjustment of status under 8 U.S.C. §1255(a) based on an approved immigrant visa petition filed on his behalf by his United States citizen wife. *Id*. Petitioner also applied for cancellation of removal under 8 U.S.C. § 1229b(b), asylum under 8 U.S.C. § 1158(a), and withholding of removal under 8 U.S.C. § 1231(b)(3). *Id*. Each of these applications was denied on July 22, 2022. *Id*. On August 17, 2022, Petitioner timely appealed the Immigration Judge's order to the Board of Immigration Appeals ("BIA"). *Id*. Petitioner's appeal remains pending. *Id*.

On December 23, 2025, Florida Highway Patrol, in conjunction with ICE and Customs and Border Patrol agents, stopped Petitioner's vehicle for a window tint violation. *Id*. ¶ 25. The police report also incorrectly indicates that Petitioner had an active deportation order as grounds for the arrest. *Id*. Petitioner's arrest turned violent, and Petitioner ultimately suffered a seizure as a result

of the head injury inflicted during his arrest. *Id*.

On March 16, 2026, Petitioner appeared for a bond redetermination hearing before the Miami Krome Immigration Court. *Id.* ¶ 26. In support of his request for bond, Petitioner submitted the following:

> 1) an affidavit from his U.S. citizen spouse attesting to be his sponsor; 2) Petitioner and his spouse's marriage certificate; 3) birth certificates for each of his three U.S. citizen children; 4) letters from his two eldest children; 5) a letter from Petitioner's 13 year old daughter's school expressing concerns that she may have dyslexia; 6) evidence that Petitioner was lawfully admitted into the U.S.; 7) evidence that Petitioner had filed an application for adjustment of status with the Immigration Court; 8) evidence that Petitioner was the beneficiary of an approved I-130 visa petition; 9) evidence that Petitioner owned a home with his wife in St. Lucie County, Florida; 10) evidence that Petitioner's wife suffered from seizure-like activity in March 2025; 11) photos of Petitioner with friends and family; and 12) letters of support from 15 members of Petitioner's community.

*Id*.

Furthermore, to establish that he was not a danger to the community, Petitioner submitted the following:

> 1) a letter from the Los Angeles County District Attorney's Office showing that charges for unlawful sexual intercourse under Cal. Penal Code § 261.5(c) were not filed; 2) a notarized letter from the alleged victim in that case stating that the allegations against Petitioner were false; and 3) a notarized letter from the alleged victim's aunt attesting to the false character of the allegations. *See* Exhibit E. Petitioner also submitted the arrest report prepared by FHP and the No Information notice filed by the St. Lucie County State Attorney's Office.

*Id.* ¶ 27. DHS presented no evidence and relied on caselaw that the court found distinguishable and unpersuasive. *Id.* ¶ 28. Nonetheless, the Immigration Judge determined that Petitioner was a flight risk based on his applications in removal proceedings being denied and his case being on appeal before the BIA. *Id.* ¶ 29. Petitioner remains detained despite several health concerns including severe headaches, seizures, blurred vision, and fever. *Id.* ¶ 30.

On April 16, 2026, Petitioner filed the instant Petition, arguing that his detention is

unlawful because (i) the revocation of his bond occurred without due process and (ii) he was also denied due process in his immigration bond proceedings. ECF No. [1] ¶¶ 39–42. Thus, he brings claims for violation of the Immigration and Nationality Act ("INA") (Count I) and violation of his Fifth Amendment due process rights in arbitrarily detaining him (Count II). *Id.* ¶¶ 44–55. Respondents argue the Petitioner's detention is lawful, the Court lacks jurisdiction to review discretionary bond redeterminations, and Petitioner has not exhausted his administrative remedies. ECF No. [6]. Petitioner replies that Respondent's argument would have a chilling effect on immigrants pursuing appeal rights, that his claims have possible validity, and therefore that the Petition should be granted. ECF No. [7].[1]

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A. Administrative Exhaustion

Pursuant to 8 U.S.C. § 1252(d)(1), the Court may not consider a claim raised in a habeas petition unless the petitioner has exhausted his administrative remedies with respect to that claim.

---

[1] On June 16, 2026, Respondents provided notice to the Court that the BIA had issued a decision remanding Petitioner's case to the Immigration Judge for further proceedings. ECF No. [9] at 1. The remand addressed only Petitioner's applications for adjustment of status and cancellation of removal, not the claims raised in the instant Petition. ECF No. [9-1]. On June 15, 2026, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. [9]. The Immigration Judge denied Petitioner bond, finding that Petitioner posed a flight risk and was a danger to the community. *Id.*

The exhaustion requirement has been applied to certain due process claims, barring judicial review of such claims when they were not raised to the BIA. Specifically, in *Amaya-Artunduaga v. U.S. Attorney General*, the Eleventh Circuit indicated that an "allegation of a due process violation—that [the petitioner] was denied a full and fair hearing before a neutral factfinder—is precisely the kind of procedural error which requires exhaustion." 463 F.3d 1247, 1251 (11th Cir. 2006). The key question is whether the BIA has the power to address the claim—that is, "[w]here a procedural due process claim properly falls within the immigration courts' power to review and provide a remedy, the claim must be exhausted before it can be considered by this Court." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018); *see also Pedro-Pablo v. U.S. Att'y Gen.*, 723 F. App'x 822, 824 (11th Cir. 2018) ("a petitioner must exhaust due process claims when the BIA is capable of providing a remedy" (citation omitted)).

Here, Petitioner raises two core due process arguments. First, he argues that "[t]he revocation of Petitioner's release on bond pending removal proceedings without any process presents a significant risk of erroneous deprivation." ECF No. [1] ¶ 52. Indeed, Petitioner asks the Court to order that Respondents may only re-detain him upon "a material change in circumstances supported by specific, articulable facts and written findings." *Id.* at 14. Second, Petitioner argues that "the misapplication of the legal standard and violation of the INA by the [Immigration Judge] presiding over Petitioner's bond proceedings" similarly present a serious risk of erroneous deprivation. *Id.* ¶ 52.

Petitioner's due process arguments fall squarely within the kind of due process concerns that the Eleventh Circuit has held must be raised to the BIA before they can be brought to a district court. "None of these claims raises a larger challenge to the immigration process beyond the power of the BIA to address." *Bing Quan Lin*, 881 F.3d at 868. As such, the Court is constrained to

dismiss Petitioner's claims based on Petitioner's failure to exhaust his administrative remedies.[2]

Petitioner's arguments to the contrary are unavailing. For one, as Respondents correctly point out, the BIA is expressly empowered to handle constitutional questions. *See* DEP'T OF JUST., *Consideration of Constitutional Arguments in Agency Adjudications*, https://www.justice.gov/eoir/media/1413276/dl?inline (Sept. 5, 2025). Moreover, a relatively long timeline for immigration appeals does not implicate Petitioner's obligation to seek administrative exhaustion. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1349 (M.D. Ga. 2020) (explaining that "Petitioner's conclusory and speculative claim [that BIA review typically takes six months] does not obviate his requirement to exhaust available remedies.").

Because the Court dismisses the claims on the basis of failure to exhaust administrative remedies, the Court does not reach the parties' remaining arguments.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition, **ECF No. [1]**, is **DENIED**.

2.  The Clerk of Court shall **CLOSE** this case.

3.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[2] Petitioner's Count I—based on a violation of the INA—was also required to be administratively exhausted. *See Martinez-Santos v. U.S. Att'y Gen.*, 847 F. App'x 775, 776 (11th Cir. 2021) (declining to consider an unexhausted claim regarding interpretation of the INA).

Case No. 26-cv-22640-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 16, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov